# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | 88K01144DI |
| v. | ) | In and for Kent County |
| | ) | |
| ROBERT L. HULL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: November 16, 2020
Decided: December 23, 2020

Upon consideration of the motion regarding "submission of evidence" submitted to this Court by Defendant Robert L. Hull, the Court finds as follows:

On December 4, 1997, this Court denied a motion for postconviction relief filed in this matter by Mr. Hull, who is serving a sentence of life imprisonment after having been convicted by a jury of Unlawful Sexual Intercourse in the First Degree.[1] In reviewing Mr. Hull's motion for postconviction relief, this Court stated that "if a defendant can demonstrate both 'cause' and 'actual prejudice,' thereby circumventing the procedural bar, this Court will examine the merits of the defendant's claim."[2]

Denying Mr. Hull's motion for postconviction relief, the Court held that his "claims including denial of a speedy trial, failure to confront witnesses, failure to testify on his own behalf, failure to subpoena witnesses and suppression of favorable evidence are procedurally barred, because Hull failed to raise these allegations at

---

[1] *State v. Hull*, 1997 WL 819116, at *1 (Del. Super. Dec. 4, 1997), *aff'd,* 710 A.2d 218 (Del. 1998).

[2] *Id.* (quoting *Flamer v. State*, 585 A.2d 736, 747 (Del. 1990)).

trial or on appeal."[3] The Court further held that "Hull's allegations do not support a showing of actual prejudice sufficient for this Court to find that a substantial likelihood existed that if the issues had been raised on appeal the outcome would have been different."[4] Finally, the Court denied Mr. Hull's ineffective assistance of counsel claims.[5]

On October 15, 2020, Mr. Hull submitted the instant filing, a largely incomprehensible series of unclear and jumbled allegations, none of which make sense to the Court. Despite the abundance of grammatical errors and misplaced punctuation in the motion, it appears that Mr. Hull is asserting that he has gathered evidence to show cause and to prove that actual prejudice existed in his case. However, given the unintelligible submission, the Court understands neither what allegations are being made nor what form of relief Mr. Hull is seeking.

If what Mr. Hull is filing is another motion for postconviction relief, the motion must be submitted in proper form and comply with Super. Ct. Crim. R. 61, which states, among other things, that the motion must "specify all the grounds for relief which are available to the movant . . . ."[6] Moreover, given that Mr. Hull has previously submitted a postconviction relief motion, this Court, pursuant to Rule 61(d)(2), must summarily dismiss the motion unless the movant satisfies the requirements of Rule 61(d)(2)(i) or 61(d)(2)(ii).

Because Mr. Hull's submission to the Court is incomprehensible, should Mr. Hull desire this Court to rule on the merits of his motion, he shall submit the motion

---

[3] *Id.*

[4] *Id.*

[5] *Id.* at *2.

[6] Super. Ct. Crim. R. 61(b)(2).

2

in a proper form.[7]  If Mr. Hull does not wish to submit a motion for postconviction relief, he must file an appropriate motion that can be understood by the Court.[8]

**WHEREFORE**, in consideration of the above, Petitioner's motion is **DENIED** without prejudice, with leave to re-file in proper form.

**IT IS SO ORDERED** this 23rd day of December, 2020.

/s/ **Noel Eason Primos**
**Judge**

NEP/dsc

---

[7] A copy of the Superior Court's Motion for Postconviction Relief Instructions is enclosed.

[8] *See State v. Kostyshyn*, 2016 WL 3226322, at *1 (Del. Super. May 31, 2016) (denying the defendant's "relentless filings, which are largely incomprehensible, are legally frivolous and an abuse of judicial process").